2026 IL App (4th) 250971

NO. 4-25-0971

FILED
August 11, 2026
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| TONY McCOMBIE, JOHN CURRAN, NEIL ANDERSON, LI ARRELLANO JR., CHRIS BALKEMA, TERRI BRYANT, JASON BUNTING, JOHN CABELLO, MIKE COFFEY, C.D. DAVIDSMEYER, REGAN DEERING, DONALD DeWITTE, AMY ELIK, DALE FOWLER, BRAD FRITTS, AMY GRANT, JACKIE HAAS, NORINE HAMMOND, ERICA HARRISS, BILL HAUTER, DARBY HILLS, PAUL JACOBS, JEFF KEICHER, NICOLE LA HA, SETH LEWIS, STEVEN McCLURE, CHARLES MEIER, KYLE MOORE, JASON PLUMMER, SUE REZIN, CHAPIN ROSE, WAYNE ROSENTHAL, JENNIFER SANALITRO, BRANDUN SCHWEIZER, DAVE SEVERIN, RYAN SPAIN, BRAD STEPHENS, DAN SWANSON, DAVE SYVERSON, DENNIS TIPSWORD, JIL TRACY, SALLY TURNER, DAN UGASTE, TRAVIS WEAVER, TOM WEBER, CRAIG WILCOX, and PATRICK WINDHORST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Sangamon County No. 25MR281  Honorable Jack D. Davis II, Judge Presiding. |
|         Plaintiffs-Appellants, | ) | |
|         v. | ) | |
| EMMANUEL "CHRIS" WELCH, in His Official Capacity as Speaker of the Illinois House of Representatives; and DON HARMON, in His Official Capacity as President of the Illinois Senate, | ) ) ) ) | |
|         Defendants-Appellees. | ) | |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices DeArmond and Vancil concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiffs, 47 members of the Illinois General Assembly, filed suit seeking a

declaration Senate Bill 328 (SB 328) (104th Ill. Gen. Assem., Senate Bill 328, 2025 Sess.) is

unconstitutional, as its passage violated the three-readings rule of the Illinois Constitution (see Ill. Const. 1970, art. IV, § 8(d)). Defendants responded with a motion to dismiss, which the circuit court granted. On appeal, plaintiffs ask this court to reverse the circuit court's orders concluding (1) the enrolled bill doctrine bars judicial review of plaintiffs' claim and (2) plaintiffs lacked standing. We affirm.

¶ 2                                  I. BACKGROUND

¶ 3        On June 17, 2025, plaintiffs filed a complaint seeking declaratory and injunctive relief after the Illinois General Assembly passed SB 328 on June 1, 2025. The complaint does not challenge the substantive merit of the bill but asserts it was passed in an "unconstitutional manner." According to the complaint, the final language of SB 328 "was sprung on the General Assembly on May 31, 2025, in the waning hours of [the] spring's legislative session by a floor amendment (House Floor Amendment 2) that completely replaced the language that had existed in SB 328 to that point." Before the amendment, the bill "addressed the totally unrelated topic of amendments to pleadings and e-filing." Using the "gut and replace" method, "a major piece of anti-business legislation [ ] was introduced and passed in a matter of mere hours." The legislation "purports to massively expand the general jurisdiction of Illinois Courts over foreign corporations in toxic tort litigation" and "is designed to enrich trial attorneys at the hands of businesses, and ultimately workers and taxpayers." The process of getting SB 328 passed, according to the complaint, violated the three-readings rule of the Illinois Constitution, as the language that became the bill was not read to either chamber on three different days.

¶ 4        In the complaint, plaintiffs recognized the enrolled bill doctrine had permitted the "unconstitutional abuse of the legislative process for decades." Plaintiffs cited in the complaint multiple cases in which the Illinois Supreme Court has held "the legislative leaders' sign-off

creates the presumption that all procedural requirements—including the Three Readings Rule—have been met." Plaintiffs acknowledged the defendants in this case, the speaker of the House of Representatives and the senate president, certified SB 328 was passed in accordance with constitutional requirements but contended the facts overcame any presumption of constitutionality the enrolled bill doctrine affords.

¶ 5        Defendants responded to the complaint by filing, on July 22, 2025, a combined motion to dismiss the complaint under sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619, 2-619.1 (West 2024)). In their motion, defendants argued, in part, (1) plaintiffs lacked standing, as SB 328 has not and will not cause them an injury, (2) the enrolled bill rule is Illinois Supreme Court precedent prohibiting the circuit court from finding a violation of the three-readings rule, and (3) the passage of SB 328 nevertheless complied with the three-readings rule.

¶ 6        In August 2025, the circuit court granted defendants' motion to dismiss with prejudice. The court found it was precluded by Illinois Supreme Court precedent on the enrolled bill doctrine from providing plaintiffs the relief they seek and dismissed the complaint under section 2-615 (*id.* § 2-615). The court further concluded plaintiffs lack standing, as SB 328 "can never affect plaintiffs," dismissing the complaint under section 2-619(a)(9) (*id.* § 219(a)(9)) as well.

¶ 7        This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9        Plaintiffs initially contend this court should reverse the circuit court's section 2-615 dismissal and declare SB 328 unconstitutional, as it was passed in violation of the three-readings rule of the Illinois Constitution. See Ill. Const. 1970, art. IV, § 8(d). Section 8(d)

provides the following, in relevant part:

> "(d) A bill shall be read by title on three different days in each house. A bill and each amendment thereto shall be reproduced and placed on the desk of each member before final passage.
>
> * * *
>
> The Speaker of the House of Representatives and the President of the Senate shall sign each bill that passes both houses to certify that the procedural requirements for passage have been met." *Id.*

¶ 10 As the circuit court first dismissed the complaint under section 2-615, we begin by reviewing plaintiffs' claims under the terms of that section. Motions to dismiss under section 2-615 test "the legal sufficiency of the complaint, asking whether the allegations of the complaint, construed in the light most favorable to the petitioner, state sufficient facts to establish a cause of action upon which relief may be granted." *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 25. A court should not grant a dismissal under section 2-615 unless it is clearly apparent no set of facts would entitle the plaintiff to recovery. *Id.* We review section 2-615 dismissals *de novo*. *Id.*

¶ 11 In asserting their claim, plaintiffs acknowledge the Illinois Supreme Court adopted the enrolled bill doctrine. Under that doctrine, the certification by the president of the Senate and the speaker of the House of Representatives that the procedural requirements for the passage of the bill have been met conclusively evidences compliance and renders the process not subject to judicial review. *Friends of the Parks v. Chicago Park District*, 203 Ill. 2d 312, 328-29

(2003). However, plaintiffs contend, despite the Illinois Constitution's three-readings mandate, the "General Assembly for decades has all but ignored" the rule. Plaintiffs emphasize the court, though declining to review three-readings-based claims, has repeatedly chastised the legislature for having "shown remarkably poor self-discipline in policing itself in regard to the three-readings requirement." *Id.* at 329 (citing *Geja's Cafe v. Metropolitan Pier & Exposition Authority*, 153 Ill. 2d 239, 260 (1992), and *Cutinello v. Whitley*, 161 Ill. 2d 409, 425 (1994)). Plaintiffs further emphasize our supreme court has reserved the right to revisit the enrolled bill doctrine should the abuse continue, stating:

> "[W]e defer to the legislature hesitantly, because we do not wish to understate the importance of complying with the Constitution when passing bills. If the General Assembly continues its poor record of policing itself, we reserve the right to revisit this issue on another day to decide the continued propriety of ignoring this constitutional violation." *Geja's Cafe*, 153 Ill. 2d at 260.

Plaintiffs urge the time has come to revisit the enrolled bill doctrine and ask this court to reverse the circuit court's dismissal of their complaint.

¶ 12    In contrast, defendants emphasize *stare decisis* requires our application of the enrolled bill doctrine. Defendants further argue, even if this court were to ignore *stare decisis*, the passage of SB 328 complied with the literal terms of three-readings rule.

¶ 13    We agree with defendants' first contention and find we cannot declare SB 328 unconstitutional, even if it were passed in violation of the three-readings rule. In *First Midwest Bank v. Rossi*, 2023 IL App (4th) 220643, ¶¶ 5, 220, this court was asked to declare the prejudgment interest statute (735 ILCS 5/2-1303(c) (West 2022)) unconstitutional due to the

General Assembly's failure to comply with the three-readings rule. Noting our mindfulness of the limitations of our own authority, we found "we must follow the supreme court's decisions declaring the enrolled bill doctrine to be the law of Illinois." *Rossi*, 2023 IL App (4th) 220643, ¶ 222. As in *Rossi*, we are bound by the supreme court's declaration the enrolled bill doctrine is the law of Illinois.

¶ 14        Unlike in *Rossi*, we make no finding as to whether the three-readings rule was violated. Thus, we do not consider whether the General Assembly adhered to the "literal" interpretation of the three-readings rule when it substantively changed the titled bill and read the title only once after the substantive alteration occurred. However, we renew our concerns more thoroughly expressed in *Rossi* over "the legislature's continued blatant flouting of constitutional provisions" and express regret over being "constitutionally required to turn a blind eye" to potential constitutional violations "by a co-equal branch of government." *Id.* ¶¶ 223, 240.

¶ 15        Last, our conclusion the enrolled bill doctrine bars our review of plaintiffs' claim renders any consideration of plaintiffs' standing claim superfluous. Standing is not a jurisdictional prerequisite in Illinois. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53 (2010).

¶ 16                                III. CONCLUSION

¶ 17        We affirm the circuit court's judgment.

¶ 18        Affirmed.

*McCombie v. Welch*, 2026 IL App (4th) 250971

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 25-MR-281; the Hon. Jack D. Davis II, Judge, presiding. |
| **Attorneys for Appellant:** | John Fogarty Jr., of Chicago, for appellants. |
| **Attorneys for Appellee:** | Devon C. Bruce, Special Assistant Attorney General, of Power Rogers LLP, Michael J. Kasper, Special Assistant Attorney General, of Kasper & Nottage, P.C., and Adam R. Vaught, Special Assistant Attorney General, of Croke Fairchild Duarte & Beres, all of Chicago, for appellees. |